IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT COURT OF
MARYLAND NORTHERN DIVISION

MATTHEW HEALY AND CARI HEALY
ON BEHALF OF THEIR DAUGHTER
AND A NEXT FRIEND OF C.H., A
MINOR
HC 75 Box 174 N
New Creek, WV 26743,

Civil Action No. _____

**Plaintiffs,**

v.

**MCCAGH AND ROBERTS, M.D., P.A.**
112Bedford Street
Cumberland, MD 21502

Serve:
Michael F. McCagh
112Bedford Street
Allegheny County
Cumberland, MD 21502

~and~

**SEAN MCCAGH, M.D.**
100 Welton Drive
Cumberland, MD 21502

**Defendants.**

## COMPLAINT

1. Plaintiffs Matthew and Cari Healy, on behalf of their daughter and as next friend of C.H., a minor, by and through their attorney, Matthew A. Nace, Esquire, and PAULSON & NACE, PLLC, hereby bring this claim against Defendants McCagh And Roberts, M.D., P.A. and Sean McCagh, M.D., and for this claim state:

## JURISDICTION

2. This claim exceeds the required jurisdictional amount of $30,000.00 and is filed pursuant to Title 3, Subtitle 2A of the Courts and Judicial Proceedings Article of the Maryland Code (2009).

3. Plaintiffs timely filed a Statement of Claim in the Healthcare Alternative Dispute Resolution Office on April 17, 2013 from which an Election to Waive Arbitration was filed on March 13, 2014 and an Order of Transfer was entered on March 17, 2014.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that Plaintiffs are citizens of the State of West Virginia and Defendants are residents and incorporated in the State of Maryland with a principal place of business in the State of Maryland, and the amount in controversy exceeds the jurisdictional amount of $75,000.00.

5. This Court has personal jurisdiction of Defendants pursuant to Md. Code, Courts and Judicial Proceedings § 6-103 and because Defendants have the requisite minimum contacts with the State of Maryland.

6. Venue lies in the United States District Court for the District of Maryland, Northern Division, pursuant to 28 U.S.C. § 1402 since the occurrence which gave rise to the cause of action arose in the State of Maryland and the Defendants all either reside and or conduct business in Allegheny County, Maryland.

## PARTIES

7. Plaintiffs Matthew, Cari, and Chloe Healy are and, at all times relevant hereto, were adult residents of the State of West Virginia.

8. Plaintiffs Matthew and Cari Healy are and, at all times relevant hereto, were married.

9. Plaintiffs Matthew and Cari Healy are and, at all times relevant hereto, were the parents of C.H., a minor.

10. Defendant McCagh and Roberts, M.D., P.A. is and, at all times relevant hereto, was a health care provider licensed to practice medicine in the State of Maryland, with a principal place of business and an office located in the State of Maryland.

11. Defendant Sean McCagh, M.D. is and, at all times relevant hereto, was a health care provider licensed to practice medicine in the State of Maryland, with a principal place of business and an office located in the State of Maryland.

12. Upon information and belief, Defendant Sean McCagh, M.D. is and, at all times relevant, was an agent, servant, and/or employee of Defendant McCagh and Roberts, M.D., P.A.

13. Upon information and belief, at all times relevant to this action, Defendant Sean McCagh was acting in his official capacity as an agent, servant, and or employee of Defendant McCagh and Roberts, M.D., P.A.

14. Upon information and belief, at all times relevant to this action, Bonnie Buchanan, P.A. was a physician's assistant and acting in her official capacity as an agent, servant, and or employee of Defendants McCagh and Roberts, M.D., P.A. and or Sean McCagh.

## BACKGROUND

15. On or about July 19, 2006, C.H., a four year old, presented to Defendants on referral from Dr. Manchevous for evaluation of a small lesion on her thumb.

16. At this appointment, Defendant Sean McCagh (hereinafter "McCagh"), made an assessment of the lesion as a "Wart" and formulated a plan to conduct V beam laser treatment "every two weeks x3."

17. On or about July 21, 2006, C.H. presented back to Defendnats to undergo the laser treatment.

18. As indicated by the medical records produced by Defendants, the only informed consent given of potential side effects or the procedure were of discoloration, loss of skin, and scarring.

19. C.H. received her laser treatment by Defendants, and potentially Ms. Buchanan, on July 21, 2006; August 4 and 18, 2006; October 27, 2006; November 10, 2006; and December 8, 22 2008,

20. On November 14, 2006, Dr. Manchevous noted that C.H. had "right finger lasered at Dr. McCagh office and finger looks 'awful.'"

21. On or about November 16, 2006, it was noted by Defendant McCagh that there "is a verrucous plaque of necrotic skin on the right thumb."

22. On or about January 5, 2007, a biopsy was taken by Defendants of the right thumb to determine if the lesion was a "Wart v. Koenen's Tumor."

23. On or about January 10, 2007, the pathology report indicated "Skin with necrosis and marked acute inflammation; no tumor seen."

24. On or about January 19, 2007, C.H. requested to terminate the treatment.

25. On July 19, 2011, C.H. was sent to Johns Hopkins on referral from Dr. Menchavez for evaluation of a thumb distal phalangeal shortening by Deune E. Gene, M.D.

26. Dr. Gene noted "right thumb bony resorption at the distal phalanx with preservation of the growth plate."

27. Dr. Gene noted that the "laser may have cause[d] sufficient inflammation that the distal phalangeal tuft also was resorbed."

28. Dr. Gene further noted that the potential treatment of C.H.'s thumb is either to have surgery to attempt to lengthen the thumb or to use a prosthesis to "camouflage the thumb."

## Count I
### (Medical Negligence)

29. Paragraphs 1 through 28 as stated above are incorporated herein by reference.

30. Defendants and their agents, servants and employees owed a duty to Plaintiffs to exercise that degree of skill, care, judgment and expertise ordinarily possessed and used by health care providers acting in the same or similar circumstances.

31. Plaintiffs relied upon Defendants and their agents, servants and employees to exercise such skill and care to properly, accurately, and timely diagnose, treat and manage C.H.'s medical condition as other reasonable health care providers if presented with the same or similar circumstances.

32. Defendants and their agents, servants and employees either did not possess the degree of skill, care, judgment and expertise required of them, or did not use the degree of skill, care, judgment and expertise required of them in treating and managing C.H. They thereby breached their duties of care owed to Plaintiffs, including, but not limited to, the following duties:

    (a) To properly evaluate Plaintiff's physical condition before, during, and after rendering care;

    (b) To properly carry out treatment and monitoring of Plaintiff and her condition;

    (c) To timely and properly refer Plaintiff;

    (d) To properly and accurately keep medical records;

    (e) To properly and accurately conduct the laser treatment given to Plaintiff;

    (f) To obtain informed consent; and

    (g) Being otherwise negligent.

29. Plaintiffs also assert the doctrines of *res ipsa loquitur* and *respondeat superior*.

30. As a direct and proximate result of the aforementioned negligence of Defendants, and their agents, servants and employees, Plaintiffs have endured and will continue to endure economic and non-economic damages, including but not limited to significant and severe physical and mental anguish, pain, suffering, inconvenience, physical impairment, disfigurement, and other nonpecurniary injuries, as well as additional medical treatment, and bills, and loss of earnings and economic capacity.

### Count II
### (Informed Consent)

31. Paragraphs 1 through 30 as stated above are incorporated herein by reference.

32. Defendants had a duty to explain to Plaintiffs the treatment and to warn of any material risks or dangers of the treatment so that the Plaintiffs could make an intelligent and informed decision about whether or not to go forward with the proposed treatment, specifically the risks and dangers that accompany the laser treatment that was provided to C.H.

33. Defendants had a duty to discuss all alternatives, including other procedures and non-invasive options to Plaintiffs.

34. Defendants failed to inform Plaintiffs of all of the risks and alternatives of the laser treatment that was provided to C.H.

35. As a direct and proximate result of the aforementioned failure to obtain informed consent, Plaintiffs have endured and will continue to endure economic and non-economic damages, including but not limited to significant and severe physical and mental anguish, pain, suffering, inconvenience, physical impairment, disfigurement, and other nonpecurniary injuries, as well as additional medical treatment, and bills, and loss of earnings and economic capacity.

*WHEREFORE*, Plaintiffs demands judgment against Defendants and their agents, servants, and employees in an amount to be determined at trial but believed to be in excess of $750,000.00 in compensatory damages as permitted by law, plus costs of this suit, pre- and post-judgment interest and such other and further relief as this Court deems just and proper.

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

Respectfully submitted,

PAULSON & NACE, PLLC

_____
Matthew A. Nace, Esquire Bar #29684
1615 New Hampshire Ave., NW
Washington, D.C. 20009
(202) 463-1999
*Counsel for Plaintiffs*

## CERTIFICATE OF GOOD STANDING

In accordance with Maryland Rule 1-313, I hereby certify that I am a member in good standing of the Maryland Bar and licensed to practice law in the State of Maryland with an office address in the District of Columbia.

Matthew A. Nace